# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES, | ) | CASE NO. 1: 06 CV 128 |
| | ) | |
| Respondent, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| RICHARD STONE, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Petitioner. | ) | |

This matter comes before the Court upon Petitioner Richard Stone's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF # 13.)

**I.**

On August 28, 1997, a jury convicted Petitioner of all counts charged in a superseding indictment, namely conspiracy to distribute and possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846; being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); providing false information in connection with the acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6), and; possession with intent to distribute 342.44 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The Court sentenced Petitioner to a mandatory life sentence without the possibility of parole and a $10,000 fine.

Petitioner appealed to the United States Court of Appeals for the Sixth Circuit, which affirmed his conviction on January 6, 2000. The Supreme Court denied Petitioner's petition for writ of certiorari on April 17, 2000. Petitioner filed a Motion to File and Proceed on a § 2255 Nunc Pro Tunc on December 6, 2001, which the Court denied on December 12, 2001. Thereafter, Petitioner filed a

Motion for Relief from Judgment/Order, seeking leave to proceed on his § 2255 Motion nunc pro tunc. The Court denied Petitioner's Motion. Petitioner appealed that decision, which the Sixth Circuit affirmed. Petitioner then filed a second petition for writ of certiorari, which the Supreme Court denied on November 17, 2003.

On January 18, 2006, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. This Court construed the Motion as a successive § 2255 motion, and transferred the matter to the Sixth Circuit in accordance with 28 U.S.C. § 1631. On December 7, 2006, the Sixth Circuit denied Petitioner's Motion for an Order of Authorization as unnecessary, based upon its determination that Petitioner had not filed a prior § 2255 motion. As such, the Sixth Circuit transferred the action back to this Court, in order for Petitioner to pursue his claims. On January 9, 2007, Petitioner filed the present Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF # 13.)

**II.**

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. In order to obtain relief under § 2255, a petitioner who entered a guilty plea "must demonstrate the existence of an error of constitutional magnitude" that had a "substantial and injurious effect or influence" on the plea. *See Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect

2

which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

### III.

As an initial matter, the Court finds that Petitioner's Motion is untimely. As such, the Court need not resolve the Motion on the merits. The relevant statute provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. In this case, Petitioner's judgment of conviction became final on April 17, 2000, when the Supreme Court denied his petition for writ of certiorari. In accordance with the statute, Petitioner had until April 17, 2001 to file his § 2255 petition. Because Petitioner did not file his petition until January 18, 2006, well beyond the one-year statute of limitations, the petition is time-barred.

3

Further, although the statute of limitations may be equitably tolled, Petitioner has failed to establish any basis for equitable tolling.[1]  As such, the equitable tolling doctrine is inapplicable in these circumstances.

Moreover, even if the Court were to consider the merits of Petitioner's claim, it would find Petitioner's Motion to be without merit.  Here, Petitioner argues that his sentence violates the Sixth Amendment of the United States Constitution, in that "the jury did not find drug quantity or type, beyond a reasonable doubt" and "the district court erred in calculating an excessive drug quantity attributable to him under the sentencing guidelines."  (ECF # 13 at 2-3.)  In support of this position, Petitioner relies upon the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005).  Despite Petitioner's arguments to the contrary, the Sixth Circuit has held that those decisions do not apply retroactively to cases on collateral review.  *See United States v. Humphress*, 398 F.3d 855 (6th Cir. 2005) (holding that the new procedural rules set forth in *Blakely* and *Booker* do not apply retroactively to § 2255 cases on collateral review); *Goode v. United States*, 305 F.3d 378 (6th Cir. 2002) (finding that the *Apprendi* decision does not apply retroactively, even to initial § 2255 motions).  Because Petitioner is unable to demonstrate that there exists newly discovered evidence or a new rule of constitutional law made retroactive to his case, Petitioner's claim is without merit.

---

[1] "In determining whether equitable tolling of a limitations period is appropriate, a court must consider: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim."  *Brown v. United States*, 20 Fed. Appx. 373, 374 (6th Cir. 2001) (quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001) (internal quotations and citations omitted)).

4

**IV.**

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is DENIED. (ECF # 13.) Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

                                                *s/ Donald C. Nugent*
                                                DONALD C. NUGENT
                                                United States District Judge

DATED: April 5, 2007